IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, | |
| Plaintiff, | 8:18-CV-388 |
| vs. | MEMORANDUM AND ORDER |
| PARLOUR 1877, LLC, | |
| Defendant. | |

This matter is before the Court on the plaintiff's motion for default judgment (filing 14). The Court will grant the motion and order injunctive relief.

BACKGROUND

The plaintiff, Zach Hillesheim, is paralyzed below the waist and uses a wheelchair for mobility; he is a qualified individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (ADA). Filing 1 at 3.[1] Defendant Parlour 1877 is an Omaha hair salon, and a place of public accommodation within the meaning of Title III of the ADA. Filing 1 at 2.

Hillesheim visited Parlour 1877, but was hampered in his visit by architectural barriers. Filing 1 at 3-4. Specifically, the ramp to the street entrance of the salon is too steep, and there is no level surface outside the door for a wheelchair to maneuver. Filing 1 at 8. Inside, the counter height is too high for Hillesheim to access it. Filing 1 at 8. Access to the restroom is limited by a lack of maneuvering clearance, and the restrooms themselves do

---

[1] When a default judgment is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

not meet ADA standards for insulated plumbing or clearance. Filing 1 at 8. These deficiencies prevented Hillesheim from accessing the premises on a full and equal basis, because of his disability. Filing 1 at 4. Removal of those barriers is readily achievable.[2] Filing 1 at 9.

Hillesheim sued Parlour 1877 for its alleged ADA violations. Filing 1. Service was executed. Filing 5; *see* filing 11; filing 16-1. But Parlour 1877 never appeared or answered, and the Clerk of the Court entered Parlour 1877's default. Filing 7.

## DISCUSSION

When a default judgment is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall*, 616 F.3d at 852; *Murray*, 595 F.3d at 871. It remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id.* It is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53. Based on the admitted allegations of Hillesheim's complaint, the Court finds a legitimate cause of action: each of the defects described in the complaint is inconsistent with the ADA Standards promulgated by the Department of Justice and Department of Transportation.[3]

---

[2] And whether a requested accommodation is readily achievable or would constitute an undue burden are affirmative defenses that, obviously, have not been asserted. *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998); *Wong v. Muddy Pig, Inc.*, No. 14-cv-3334, 2015 WL 225231, at *3 (D. Minn. Jan. 16, 2015).

[3] The Court is aware that the ADA distinguishes between existing facilities and new construction. *See Disability Support All. v. Monali, Inc.*, No. 15-CV-1522, 2016 WL 859442, at *12 (D. Minn. Feb. 12, 2016). The Court has reason to believe that Parlour 1877 occupies

As a result, the Court will order Parlour 1877 into compliance with the relevant guidelines for the defects identified in the complaint.[4] Hillesheim's motion also includes a request for attorney's fees and nontaxable costs. Filing 15 at 14. The ADA gives a court discretionary authority to grant the prevailing party attorney's fees, including litigation expenses, and costs. 42 U.S.C. § 12205; *Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997). Hillesheim is clearly a prevailing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). But the Court has no evidentiary basis to assess costs and fees at this time. So, Hillesheim may file a post-judgment motion for costs and attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2).[5]

IT IS ORDERED:

1. Hillesheim's motion for default judgment (filing 14) is granted.

---

an older building, albeit in a space that has likely been renovated. *See* filing 1-1; filing 1-4. But in a facility that existed at the time the ADA was passed, the ADA's standards are still a guide, if not a requirement. *See id.* In the absence of any evidence or argument to the contrary from Parlour 1877, the Court will be guided by those standards.

[4] Hillesheim's complaint also included a prayer for nominal damages. Filing 1 at 12. But he seems to have abandoned that request in moving for default judgment, and rightly so: Title III of the ADA does not permit a private plaintiff to recover damages. *See Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006); *Boitnott v. Border Foods, Inc.*, 361 F. Supp. 3d 858, 867 (D. Minn. 2019).

[5] Counsel's attention is directed to NECivR 54.3 and NECivR 54.4; careful attention to those rules will facilitate the Court's ruling on such a motion.

2. Within a reasonable time after entry of this memorandum and order, Parlour 1877 is ordered to come into compliance with the ADA in the following respects:

   a. An accessible route to the entrance to Parlour 1877 complying with ADA Standards, Chapter 4 shall be created, including the installation of a ramp not steeper than 1:10 and with a rise less than 3 inches, see § 405.2, and with level maneuvering clearance in front of the door, see § 404.2.4.4.

   b. An accessible section of the service counter shall be made available, with a counter surface no taller than 36 inches above the floor. See § 904.4.1.

   c. An accessible route to the restrooms shall be maintained, with a clear width of at least 32 inches, see § 403.5.1, and appropriate maneuvering clearance at the door, see § 404.2.4.1.

   d. Clearance of at least 56 inches from the rear wall shall be maintained around the toilet. See § 604.3.1.[6]

---

[6] The Court is aware that the required clearance may be permitted to overlap "shelves," see id., which is the offending item in this case—but, ADA-complaint shelves are at least 40 inches above the floor, see §§ 603.4 and 604.8.3, and these aren't.

e. Water and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. *See* § 606.5.

3. The Clerk of the Court shall mail a copy of this memorandum and order and the accompanying judgment to:

> Parlour 1887, LLC
> 1243 Golden Gate Dr
> Papillion, NE 68046
>
> Parlour 1887
> 6068 Maple Street
> Omaha, NE 68104
>
> Parlour 1887, LLC
> c/o Jeffrey Leuschen
> 319 S. 17th St, Ste 700
> Omaha, NE 68102

4. A separate judgment will be entered.

Dated this 16th day of May, 2019.

BY THE COURT:

*[signature]*

John M. Gerrard
Chief United States District Judge
